IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| COURTNEY K. GUNN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZURICH AMERICAN INSURANCE ) <br> COMPANY ) <br> ) <br> Defendant. ) | Civil Action No.: 2:23-cv-00218-BHH <br><br> **COMPLAINT** <br> **(JURY TRIAL)** |

Plaintiff, Courtney K. Gunn, as and for her complaint against Zurich American Insurance Company ("Zurich Insurance Company") alleges upon information and belief as follows:

1. Jurisdiction is properly vested in this Court pursuant to 28 U.S.C. § 1332 and Plaintiff request a jury trial on all claims.

2. At all material times, Plaintiff is a citizen of Jacksonville, Florida, over 18 years of age and was life partner of Robert M. Stroud.

3. Plaintiff is the named beneficiary of Robert M. Stroud under Zurich Insurance Company Group Accident Policy GPA-4279171-13.

4. Upon information and belief, Zurich Insurance Company is a legal entity organized under the laws of State of Illinois, doing business in the State of South Carolina, and engaged in the business of providing insurance to people and companies located in the State of South Carolina.

5. The amount in controversy is in excess of $75,000, exclusive of interest and costs.

6. Zurich Insurance Company issued Policy GPA-4279171-13 to Regions Financial Corporation, the employer of Robert M. Stroud.

7. Pursuant to the language of Zurich Insurance Company Policy GPA-4279171-13, Zurich Insurance Company provided accidental death coverage to Robert M. Stroud.

8. Robert M. Stroud designated Courtney K. Gunn as his beneficiary under Zurich Insurance Company Policy GPA-4279171-13.

9. In the event of the death of Robert M. Stroud, Zurich Insurance Company Policy agreed to pay Courtney K. Gunn at least $500,000.00.

10. On or about October 6, 2021, Robert M. Stroud was killed in an automobile accident in Colleton County, South Carolina.

11. Zurich Insurance Company has refused to pay Courtney K. Gunn benefits under Zurich Insurance Company Policy GPA-4279171-13 as a result of the death of Robert M. Stroud.

12. Instead of paying Courtney K. Gunn benefits under Zurich Insurance Company Policy GPA-4279171-13 as a result of the death of Robert M. Stroud, Zurich Insurance Company has sent several requests to Courtney K. Gunn, requesting for Courtney K. Gunn and/or the father of Robert M. Stroud to provide Zurich Insurance Company with signed medical authorizations permitting Zurich Insurance Company to obtain the medical records of Robert M. Stroud.

13. On several different occasions, Courtney K. Gunn has informed Zurich Insurance Company that she does not have legal authority to sign the authorizations to permit Zurich Insurance Company to obtain the medical records of Robert M. Stroud.

14. On several different occasions, Courtney K. Gunn has informed Zurich Insurance Company that she has asked Robert M. Stroud's father to sign the authorizations to permit Zurich Insurance Company to obtain the medical records of Robert M. Stroud and that Robert M. Stroud's father has refused to sign the authorizations.

15. Despite Courtney K. Gunn informing Zurich Insurance Company that she cannot sign the authorizations and Robert M. Stroud's father has refused to sign the authorizations, Zurich Insurance Company continues to send these requests to Courtney K. Gunn.

16. In the Policy, Zurich Insurance Company promised to pay death benefits to Courtney K. Gunn.

17. Courtney K. Gunn has suffered damages, including legal fees, as a result of Zurich Insurance Company's refusal to pay death benefits to her.

18. Courtney K. Gunn gave timely notice to Zurich Insurance Company of Robert M. Stroud's death and has complied with all conditions precedent under the Zurich Insurance Company policy.

19. Zurich Insurance Company has failed to comply with its duty under the policy, to properly investigate this claim, to pay all amounts due under the Policy, or any amount due under the Policy for said loss.

20. Due to Zurich Insurance Company's failure to timely pay Courtney K. Gunn, she was required to hire an attorney and incur attorney's fees and costs.

21. Zurich Insurance Company has breached the contract of insurance with Courtney K. Gunn by failing, refusing and neglecting to properly adjust or pay her up to the full amount of the stated coverages under the policy.

22. Courtney K. Gunn is entitled to recover all of the benefits accorded by the contract of insurance, including the full amount of coverage under the policy, plus pre-judgment interest from the date of loss until paid in full.

**FOR A FIRST CAUSE OF ACTION**
**(Bad Faith)**

23. Courtney K. Gunn incorporates all of the allegations contained in the preceding paragraphs as if fully set forth herein.

24. Zurich Insurance Company owed Courtney K. Gunn a duty to treat her fairly, reasonably and in good faith in connection with the handling and adjustment of her claim and to do nothing to wrongfully impair Courtney K. Gunn's right and ability to receive all of the benefits provided under the policy of insurance in a timely fashion.

25. Courtney K. Gunn reposed in Zurich Insurance Company and its agents a special trust and confidence that Zurich Insurance Company and its agents would assist her and treat her fairly and honestly in the handling her claim.

26. Zurich Insurance Company and its agents breached its duty to Courtney K. Gunn in the handling and adjustment of their claim in the following particulars:

    a. by failing and refusing to complete the adjustment of the claim;

b. by failing and refusing to acknowledge with reasonable promptness communications with respect to Plaintiff's claim arising under the policy;

c. by failing and refusing to make an adequate investigation of Plaintiff' claim, including failing to act promptly to adjust the loss, to hire competent personnel to adjust the loss, before withholding benefits due Plaintiff under the Policy;

d. by failing and refusing to provide Plaintiff with any reasonable or justifiable basis under the facts of the claim or applicable law for denying portions of Plaintiff's claim;

e. by acting in a manner to protect the financial interest of Zurich Insurance Company at the expense of and in disregard of Plaintiff's rights;

f. by failing to attempt, in good faith, to effect a prompt, fair and equitable settlement of Plaintiff's claims despite the fact that liability is incontestable and Plaintiff's loss is a loss entitling her recover under the Policy;

g. by refusing, neglecting and failing to promptly pay or adjust Plaintiff's claim under the policy, thus requiring Plaintiff to retain counsel to assist her in recovering the amounts reasonably due and payable to her under the Policy;

h. by engaging in various other practices which resulted in an unreasonable delay in paying and adjusting Plaintiff's claim, all of which constitute an unreasonable failure to pay or settle in full Plaintiff's claim under the Policy; and

i. by failing to adopt and implement reasonable standards for the investigation, adjustment and settlement of claims, or in failing to follow standards for the investigation, adjustment and settlement of the claims established.

27. Zurich Insurance Company and its agents acted unreasonably, willfully, in bad faith, and with reckless disregard of Courtney K. Gunn's rights in refusing to pay her the benefits due them under the contract of insurance.

28. As a direct and proximate result of Zurich Insurance Company's bad faith and unreasonable action in breaching the implied covenant of good faith and fair dealing arising under the contract, together with its refusal to pay benefits due and owing, Courtney K. Gunn has suffered actual damages in an amount to be determined by the trier of fact.

29. Because the actions and conduct of Zurich Insurance Company toward Courtney K. Gunn was intentional, reckless, willful, in reckless disregard of her rights under the contract of insurance and in bad faith, she is entitled to an award of punitive damages.

## FOR A SECOND CAUSE OF ACTION
### (Statutory Claim for Attorney's Fees)

30. Courtney K. Gunn incorporates all of the allegations contained in the preceding paragraphs as if fully set forth herein.

31. In accordance with the provisions of S.C. Code Ann. § 38-59-40, Zurich Insurance Company owed a duty as a beneficiary of Courtney K. Gunn to pay her claim within 90 days after the claim was made. Zurich Insurance Company has failed or refused to pay her claim within 90 days without reasonable cause or in bad faith, or both.

32. Accordingly, Courtney K. Gunn is entitled to an award of attorney's fees as a matter of right, in an amount to be determined by the Court following issuance of Judgment by the trier of fact.

## FOR A THIRD CAUSE OF ACTION
### (Negligence)

33. Courtney K. Gunn incorporates all of the allegations contained in the preceding paragraphs as if fully set forth herein.

34. Zurich Insurance Company owed a duty to Courtney K. Gunn arising from its relationship with her.

35. Zurich Insurance Company breached its duty to Courtney K. Gunn by the following acts and omissions:

    a. By failing to follow Zurich Insurance Company's own policies and procedures;

  b.  By failing to adhere to the applicable statutes and regulations regarding regulation of the insurance industry;

  c.  By failing to use due care in handling Plaintiff's claim; and

  d.  Such other negligent acts and omissions as shall be proven herein.

36. As a direct and proximate result of Zurich Insurance Company's said breach of its duty, Courtney K. Gunn suffered a loss, and Zurich Insurance Company is liable to her for such other damages or relief as justice may require.

**FOR A FORTH CAUSE OF ACTION**
**(Negligent Misrepresentation)**

37. Courtney K. Gunn incorporates all of the allegations contained in the preceding paragraphs as if fully set forth herein.

38. Zurich Insurance Company made a materially false representation to Courtney K. Gunn regarding its insurance coverage.

39. Zurich Insurance Company had a pecuniary interest in making the statement in that it wished to sell a policy of insurance.

40. Zurich Insurance Company had a duty of care to see that truthful information was communicated to Courtney K. Gunn.

41. Zurich Insurance Company breached its duty to Courtney K. Gunn by failing to exercise due care.

42. Courtney K. Gunn's justifiably relied on Zurich Insurance Company's representations regarding the policy's coverage.

43. As a direct and proximate result of said Negligent Misrepresentation, Courtney K. Gunn suffered actual damages, loss of interest, and Zurich Insurance Company is liable to her for such other damages or relief as justice may require.

**FOR A FIFTH CAUSE OF ACTION**
**(Breach of Contract)**

44. Courtney K. Gunn incorporates all of the allegations contained in the preceding paragraphs as if fully set forth herein.

45. Under the terms of the policy, Zurich Insurance Company is required to pay Plaintiff insurance proceeds for the death of Robert M. Stroud.

46. Zurich Insurance Company has failed to pay Courtney K. Gunn benefits for the death of Robert M. Stroud.

47. As a direct and proximate result of Zurich Insurance Company's said breach of contract, Courtney K. Gunn suffered a loss, and Zurich Insurance Company is liable to her for such other damages or relief as justice may require.

## FOR A SIXTH CAUSE OF ACTION
### (South Carolina Unfair Trade Practices)

48. Courtney K. Gunn incorporates all of the allegations contained in the preceding paragraphs as if fully set forth herein.

49. Zurich Insurance Company failed to properly investigate, respond to Courtney K. Gunn's inquiries about her claim and to pay the claim.

50. Zurich Insurance Company failed to adhere to the applicable statutes and regulations regarding regulation of the insurance industry.

51. Zurich Insurance Company failed to use due care in handling Courtney K. Gunn's claim.

52. Zurich Insurance Company used unfair methods of competition and unfair or deceptive acts or practices in the conduct of its trade and commerce to mislead Courtney K. Gunn concerning the policy.

53. On information and belief, said acts or practices are capable of repetition, adversely affecting the public interest.

54. On information and belief, there have been other occurrences of said acts or practices by Zurich Insurance Company adversely affecting the public interest.

55. As a direct and proximate result of Zurich Insurance Company's conduct, Courtney K. Gunn suffered a direct loss.

56. A person of ordinary prudence engaged in trade or commerce, in the exercise of due diligence, could have determined that such conduct violated the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10, et seq.

57. The use and employment of said unfair or deceptive methods, acts, and practices by Zurich Insurance Company were willful or knowing violations of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10, et seq.

58. Due to Zurich Insurance Company's willful and knowing violations, Courtney K. Gunn is entitled to treble damages and attorneys' fees against Zurich Insurance Company, pursuant to S.C. Code Ann. § 39-5-140, *et seq.*

**WHEREFORE**, Plaintiff prays:

1. That judgment be entered herein awarding judgment in her favor;
2. That Zurich Insurance Company fully answer the aforesaid matters;
3. That a judgment be rendered in favor of Plaintiff and against Zurich Insurance Company for Plaintiff's damages;
4. That Plaintiff be fully compensated and awarded compensatory and general damages, together with their attorney's fees, costs, punitive damages and pre-judgment interest thereon;
5. That all claims be decided by a jury trial; and
6. That this Honorable Court award Plaintiff any other relief it deems necessary or that justice may require.

BLUESTEIN LAW FIRM, P.A.

By: s/S. Scott Bluestein
S. Scott Bluestein / Federal No. 6981
P.O. Box 22253
Charleston, SC 29413
266 W Coleman, Blvd., Suite 103
Mount Pleasant, SC 29464
Telephone: 843-577-3092
Facsimile: 843-577-3093
Email: boatinglaw@bellsouth.net

ATTORNEY FOR PLAINTIFF

Mount Pleasant, South Carolina
January 16, 2023